1

2                          UNITED STATES DISTRICT COURT

3                         NORTHERN DISTRICT OF CALIFORNIA

4

5   JORGE RODRIGUEZ,                              Case No.  23-cv-01493-JD

6                 Plaintiff,

7          v.                                     **SECOND ORDER RE DISMISSAL**

8   CITY OF OAKLAND, et al.,

9                 Defendants.

10

11          In a first amended complaint (FAC), plaintiff Jorge Rodriguez alleges that defendants the

12   City of Oakland, the Oakland Police Department (OPD), and named and unnamed OPD officers,

13   violated his Fourth Amendment rights when they arrested him and conducted a warrantless search

14   of his home with firearms drawn.  Dkt. No. 21.  Defendants ask to dismiss the complaint pursuant

15   to Federal Rules of Civil Procedure 8 and 12(b)(6).  Dkt. No. 22.  Rodriguez filed an opposition

16   and a request for judicial notice primarily concerning the formation of a civilian oversight board

17   for OPD.  Dkt. Nos. 27, 28.  The motion is suitable for decision without oral argument pursuant to

18   Civil Local Rule 7-1(b), and the case is dismissed with prejudice.

19          The Court dismissed the original complaint under Rule 12(b)(6) because it was "devoid of

20   factual allegations and [was] purely conclusory."  Order, *Rodriguez v. City of Oakland*, No. 23-cv-

21   01493-JD (Oct. 3, 2023) (Dkt. No. 20) (citing *Contawe v. Cnty. of San Mateo*, No. 15-cv-00222-

22   JD, 2015 WL 1926221, at *2 (N.D. Cal. Apr. 27, 2015)).  The FAC is much the same.  The core

23   allegations of two "false[] arrest[s]" and an "illegal raid" on plaintiff's residence are presented as

24   bare legal conclusions with boilerplate recitations of the elements.  Dkt. No. 21 ¶¶ 13, 16, 26; *see

25   id*. ¶¶ 39, 29 (ECF p. 8).  On a motion to dismiss, the Court will "not assume the truth of legal

26   conclusions merely because they are cast in the form of factual allegations."  *Fayer v. Vaughn*,

27   649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation and quotation marks omitted) (affirming

28   dismissal of complaint against police officers for failure to plausibly allege any unlawful conduct).

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8

The scant facts alleged in the FAC do not save Rodriguez's claims.  In pertinent part, Rodriguez says he was in his car when he was arrested by OPD officers on March 31, 2022.  Dkt. No. 21 ¶ 13.  "They continued the search, without a warrant, of Plaintiff's residence."  *Id*. ¶ 14. They "[drew] guns on plaintiff and his family."  *Id*. ¶ 24.  On June 3, 2022, Rodriguez says officers again surrounded his car and arrested him "although, to their surprise, plaintiff was not on probation."  *Id*. ¶¶ 26-27.  "[T]he arrest was based on misinformation and racial profiling."  *Id*. ¶ 28.  The officers are said to have used force when they handcuffed Rodriguez and exacerbated an elbow injury.  *See id*. ¶¶ 30-31.

9
10
11
12
13
14
15
16
17
18

These facts do not plausibly allege a Fourth Amendment claim.  They shed no light whatsoever on the circumstances of Rodriguez's arrests or officers' use of force, nor do they provide any plausible basis to infer that the officers lacked probable cause to detain him or search his residence.  Consequently, the FAC fails to state a plausible claim against any OPD officers under 42 U.S.C. § 1983.  *See Fayer*, 649 F.3d at 1065.  Without a predicate constitutional injury, the remaining federal claims against the City fail as a matter of law.  *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).  And without a plausible federal claim, the Court declines to exercise supplemental jurisdiction over the state law claims.  *See Unity Care Grp. v. Cnty. of Santa Clara, California*, No. 22-cv-02221-JD, 2022 WL 17986958, at *3 (N.D. Cal. Dec. 29, 2022) (citing 18 U.S.C. § 1376(c)(3)).

19
20
21
22
23

Dismissal is without leave to amend because plaintiff's failure "to correct the deficiencies the Court previously pointed out 'is a strong indication that [he has] no additional facts to plead.'" *In re InvenSense, Inc. Sec. Litig.*, No. 15-cv-00084-JD, 2017 WL 11673462, at *3 (N.D. Cal. Apr. 12, 2017) (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)). The case is dismissed and ordered closed.

24

**IT IS SO ORDERED.**

25

Dated: December 11, 2023

26
27
28

_____
JAMES DONATO
United States District Judge